JAMES H. HEROY, and others, Respondents,

*v.*

JOHN KERR, Appellant.

When the president of an insolvent incorporated company has purchased property of the company, and paid for the same by canceling an antecedent debt due him from the company, and has sold such property to a *bona fide* purchaser for value, the title thereto passed to such purchaser, although the purchase by the president of the company was void as to the creditors of the company.

An execution issued upon a judgment against the company will not reach such property in the hands of a *bona fide* purchaser for value.

### *Appeal from General Term.*

APPEAL from a judgment of the Superior Court of the city of New York, in an action to recover damages for the conversion of a quantity of plate glass, of which the plaintiffs claimed to be the owners.

The answer denied the plaintiffs' ownership and possession of the goods, and alleged that they were the property

of a corporation named The American Plate Glass Company; that defendant was a judgment creditor of said corporation, and that he caused the glass to be levied on by virtue of execution upon his judgment.

The cause was tried by the court without a jury, and the following facts were found:

"That the glass, the subject of the present action, was, prior to the first of June, 1858, the property of a company called "The American Plate Glass Company." That orders were executed and delivered to the plaintiffs for the delivery thereof on the first and second days of June, 1858, by the president of such company. That actual possession and removal of a quantity of glass which had been contemporaneously sold to the plaintiff, had been taken prior to the eighth of June, 1858, and that the plaintiffs had control of, and were in the course of removing the remaining glass sold to them, including that in question on the said eighth of June, and had on that day, prior to the levy next mentioned, marked such glass with their own labels, showing their name and place of business. That they had paid a valuable consideration therefor, and that the sale was binding on such company."

Prior to the eighth of June, 1858, an action had been commenced in the Supreme Court of this State, wherein the present defendant was the plaintiff, and the said The American Plate Glass Company was defendant, upon which judgment was obtained in favor of the plaintiff, in the sum of fifty-five thousand four hundred fifty-eight dollars ($55,458.53) fifty-three cents. That in another action, by the same plaintiff against such company, judgment was recovered for the sum of one thousand one hundred nineteen dollars ($1,119.75) seventy-five cents. That both judgments were recovered on said eighth of June. That on said eighth of June, the sheriff of the county of Kings caused a levy to be made upon the glass in question, and that upon a sale under such levy the same was purchased by, and came to the hands of the

defendant herein, who had also full notice of the plaintiffs' claim.

"The value of such property owned by the plaintiffs, and which came to the hands of the defendant, was the sum of fourteen hundred dollars."

The court found as a conclusion of law that the plaintiffs are entitled to recover from the defendant the said value of such property and interest, being together the sum of fifteen hundred and thirty-eight dollars ($1,538.11) and eleven cents.

Judgment was entered accordingly, and it having been affirmed at General Term, the defendant appeals to this court.

*Winchester Britton*, for appellant.

*William W. Niles*, for respondent.

SMITH, J. Upon the facts found by the judge who tried the cause, the conclusion reached by him, that the plaintiffs are entitled to recover, is unquestionably correct. He found, in substance, that the property in dispute was owned by the glass company, originally; that by a sale binding on the company, their title was transferred to the plaintiffs, for a valuable consideration, and that subsequently the defendant bought the property at an execution sale against the company, with notice of the plaintiffs' claim. The judgment, therefore, should not be disturbed, unless some error prejudicial to the defendant was committed in the progress of the trial.

The defendant's counsel insists that the court erred in several particulars, which will now be stated.

First. In sustaining an objection to the question put by the defendant to the witness Sayre, as to what was the financial condition of the glass company immediately prior to, and at the time of the levy.

Secondly. In refusing to hold, as requested by the defendants on the trial, as follows: (1.) That, if any sale

of the glass in question was ever made by the company, it was to Sayre, the president of the company, in payment of an antecedent debt owing to him by the company, and that at the time of the sale the company was insolvent, and had refused payment of its notes in specie, or lawful money of the United States, and that said sale was void under and by virtue of part I, ch. 18, title 4, sec. 4 of the Revised Statutes. (2.) That, if there was a sale by the company to the plaintiffs, it was equally void under the same section. (3.) That a sale of the property of the company, under the circumstances, for the worthless stock of the company, was a fraud on the defendant, a creditor of the company.

Thirdly. In refusing to pass upon the following question, which the defendant, by motion, made subsequently to the filing of the decision, requested the court to pass upon, to wit: (1.) Had the company refused to pay any of its notes or other evidences of debt, in specie or lawful money of the United States, prior to the transfer of the property in controversy? (2.) Was the company insolvent at the time of the transfer?

All these positions may be answered in a few words. It is undoubtedly true, as claimed by the defendant, that the sale by the glass company was made to Sayre, the president of the company, and not to the plaintiffs.

The testimony warrants this conclusion, and it is consistent with the findings of the court. But the plaintiffs subsequently bought of Sayre, for a valuable consideration, and there is no evidence that they had notice of any defect in his title. By that purchase they acquired a good title, notwithstanding the title which Sayre obtained from the company might have been impeached by the creditors of the company, while such title remained in his hands. The plaintiffs' title could not be affected by either or all of the circumstances, that the company was insolvent at and prior to the time of the sale to Sayre; that it had refused payment of its notes; that

he was the president of the company, and the sale to him was in payment of an antecedent debt, or by the existence of any other fact or circumstances which merely rendered the sale to Sayre fraudulent and void, as against the creditors of the company.

The defendant's counsel argues that the sale to Sayre was made without authority, and was, therefore, void, but the court found, as a fact, that the rule was binding on the company, and that finding is conclusive upon the point.

The judgment should be affirmed.

All concur.

Judgment affirmed.